**Przybyl v JPMorgan Chase, N.A.**

2024 NY Slip Op 31344(U)

April 16, 2024

Supreme Court, New York County

Docket Number: Index No. 152073/2022

Judge: Dakota D. Ramseur

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
IRENA PRZYBYL, JULIAN PRZYBYL, BARBARA
KROL, BARTOSZ MARCIN PRZYBYL, SZYMON
GRZEGORZ PRZYBYL,

               Hon. Dakota D. Ramseur

  Plaintiffs,

               Index No. 152073/2022

  -against-

JPMORGAN CHASE, N.A.,

  Defendant.
-----------------------------------------------------------------X

~~[PROPOSED]~~ ORDER

Plaintiffs Irena Przybyl, Julian Przybyl, Barbara Krol, Bartosz Marcin Przybyl, and

Szymon Grzegorz Przybyl (collectively, the "plaintiffs"), having moved by the filing of an

Amended Notice of Motion, on December 7, 2023, seeking an Order, pursuant to CPLR

3001 and 3212 (the "motion"), awarding Plaintiffs distribution of monies maintained in

Premier Plus Checking Account, ending in 1196 (the "1196 Account") and Savings

Account, ending in 9093 (the "9093 Account," and collectively, the "Chase Accounts")

(NYSCEF doc. #49, Chase Statements), in the name of decedent, Ursula Osburne (the

"decedent"), JPMorgan Chase Bank, N.A. ("Chase"), incorrectly named herein as

"JPMorgan Chase, N.A.," and Chase having opposed the motion, the Court having

reviewed the parties' submissions finds as follows:

On October 30, 2019, the decedent died intestate in Gdansk, Poland. Plaintiffs make

claim to the full balance of the Chase Accounts as foreign beneficiaries of the decedent's

estate (the "Estate"), under a <u>Deed of Succession</u> duly executed and recorded under Polish law on April 23, 2020. (NYSCEF doc. #35, <u>Deed of Succession</u>.)

On January 14, 2021, Plaintiffs filed a petition for ancillary letters of administration over the Chase Accounts in the Surrogate's Court in Suffolk County. (NYSCEF doc. #40, <u>In re Estate of Ursula Osburne</u>, Case # 2021-744.) The Surrogate's Court denied jurisdiction for the reasons outlined in this Court's previous order on Chase's motion to dismiss (motion #1), in which the Court dismissed the plaintiffs' claim for conversion. (NYSCEF doc. #23, <u>Decision and Order on Motion</u>.) In that opinion, the Court left standing "whether plaintiffs, as mere beneficiaries of Osburne's estate, have pled a possessory interest in the [Chase Accounts]." (NYSCEF doc. #23, at 4.)

On the instant motion (motion #2), plaintiffs seek summary judgment on their sole remaining claim, which requests that the Court issue a declaratory judgment that recognizes their lawful status as the Estate's foreign beneficiaries, and so directs that Chase distribute the balance of the Chase Accounts to the plaintiffs, under EPTL § 13-3.5(a) and CPLR § 3001. (NYSCEF doc. #42, <u>Amended Notice of Motion</u>.)

In deciding the validity of a foreign beneficiary's legal interest in an estate, courts consider: (i) the party's attested basis for having been conferred an exclusive beneficial interest; and (ii) "such other proof required by the court in which the action or proceeding is brought." EPTL § 13-3.5(a)(1); <u>see also</u> CPLR § 3001 (conferring broad authority to declare "the rights and other legal relations of the parties to a justiciable controversy").

In support of their motion, plaintiffs have provided attestations by each beneficiary (NYSCEF doc. #53, <u>Affirmations of Plaintiffs</u>), a government-issued and recorded <u>Deed</u>

[* 2]

of Succession (supra), and an accompanying affidavit of Jaroslaw Kurpiejewski, LL.M., a Polish lawyer who provided unrebutted testimony of the Deed of Succession's use and legal validity in Poland (NYSCEF doc. #38, Affidavit of Jaroslaw Kurpiejewski).

The Deed of Succession certifies that, "**by virtue of Law**," each plaintiff is a "statutory heir" in having "acquired" a defined fractional interest, collectively making up the entirety, of the decedent's estate, as set out in the Deed of Succession. (NYSCEF doc. #35 §§ 1-2 (bold in original). Notary Konrad Stula entered the Deed of Succession in an official government registry, identified as "Notary's Register A," under registry number "1543/2020." The notary further recorded having collected statutory fees, which are mandated by law whether or not the entry is "[made] by a Notary or Court."[1] (NYSCEF doc. #35 §4.) The unrebutted evidence provides that, under Polish law, the Deed of Succession is "as equally binding as a court confirmation" and confers self-executing rights to its named beneficiaries. (NYSCEF #38 ¶¶ 6-9, 11-14.)

Each plaintiff affirmed under penalty of perjury in the Surrogate's Court action to being one of five interested beneficiaries under the Deed of Succession. (NYSCEF doc. #53.) No other interested parties or creditors have claimed an interest in the Chase Accounts during the four and a half years since the decedent's death, as affirmed in these filings and the plaintiffs' petition for ancillary letters of administration (NYSCEF #52 at 2-4), and reflected in the Deed of Succession (NYSCEF doc. #35).

---

[1] As noted in the Kurpiejewski affidavit: "The institution of a notary in Poland differs significantly from "notary publics" in the US. To become a notary in Poland, one must graduate from law school, complete a three-year apprenticeship and pass a notary exam. A notary's professional responsibility and required diligence is similar to that of an attorney. A notary is also responsible for the form and binding effect of prepared notarial deeds." (NYSCEF doc. 38 ¶11 n.4.)

Accordingly, based on review of the evidence, it is now hereby

**ORDERED**, that the plaintiffs' motion is granted, and it is further

**ORDERED**, that Chase is directed to turn over and deliver to plaintiffs' counsel of record, Benjamin Robert Rajotte, Esq. (made payable to "Ilasz & Associates"), the full and complete proceeds of the (i) 1196 Account, which maintained a balance of $527,440.99 as of January 4, 2024, and (ii) the 9093 Account, which maintained a balance of $15,617.51 as of January 4, 2024, and it is furtherre

**ORDERED**, that within ten (10) days of the entry of this Order, Chase shall deliver to plaintiffs' counsel of record, Benjamin Robert Rajotte, Esq., (i) a Cashier's Check, made payable to "Ilasz & Associates," in the amount of the full balance of the 1196 Account as of the date of the Check, and (ii) a Cashier's Check, made payable to "Ilasz & Associates," in the amount of the full balance of the 9093 Account as of the date of the Check, which monies shall be distributed by Plaintiffs' counsel to the individual plaintiffs in accordance with the Deed of Succession, and it is further

**ORDERED**, that each party is to bear their own costs and expenses.

This order constitutes the decision of the Court.

_9-16-24_
DATE

DAKOTA D. RAMSEUR, J.S.C.
**HON. DAKOTA D. RAMSEUR**
**J.S.C.**

[* 4]